

FILED
2006 Jul-18  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERRY PERRY, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV-06-CO-00158-S |
| ] | |
| HOUSING AUTHORITY OF THE ] | |
| BIRMINGHAM DISTRICT, ] | |
| ] | |
| Defendant. ] | |

MEMORANDUM OF OPINION AND ORDER

I.   Introduction.

The Court has for consideration a motion to dismiss, which was filed by the Housing Authority of the Birmingham District ("Housing Authority") on March 20, 2006.  (Doc. 4.)  Plaintiff Berry Perry has sued the Housing Authority for violations of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; the Alabama Fair Housing Law, Ala. Code § 24-8-1, *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*  (Doc. 1.)  The Housing Authority contends that: (1) all of Plaintiff's claims in his Complaint are due

to be dismissed under the applicable statutes of limitation; and (2) Counts One, Two, and Four are due to be dismissed because they do not state a claim upon which relief can be granted.[1] (*Id.*)  The issues raised in the Housing Authority's motion to dismiss have been briefed by both parties and are now ripe for decision.  After full consideration of the parties' legal arguments, the Housing Authority's motion will be denied.

II.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir.

---

[1] The Housing Authority also contends that: (1) all Counts concerning the Park Place property are due to be dismissed because the Housing Authority does not operate or manage that property; (2) this Court lacks jurisdiction over the subject matter of Plaintiff's Complaint; (3) this Court lacks jurisdiction over the persons outlined in Plaintiff's Complaint; (4) Plaintiff's claims are due to be dismissed because of improper venue; (5) Plaintiff's claims are due to be dismissed because of insufficiency of process; (6) Plaintiff's claims are due to be dismissed because of insufficiency of service of process; and (7) Plaintiff's claims are due to be dismissed for failure to add or join an indispensable party.  (Doc. 4.)  Because the Housing Authority does not provide any legal argument, explanation, citation, and/or evidence to support these assertions, this Court does not have any basis upon which it can grant the motion to dismiss on these grounds.

1990).  "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor on the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.   Analysis.

    A.   Statutes of Limitation.

The Housing Authority contends that all of Plaintiff's claims are due to be dismissed because they were not timely filed under applicable statutes of limitation.  Plaintiff argues that he has alleged present and continuing violations of the law.  Upon review of Plaintiff's Complaint, it is not clear that he "can prove no set of facts in support of his claim[s] which

would entitle him to relief." *Conley*, 355 U.S. at 45-46. Therefore, this Court cannot grant the Housing Authority's motion to dismiss on this basis.

B.   Failure to State a Claim.

The Housing Authority further argues that Plaintiff has not stated a claim under Counts One, Two, and Four (titled "Violation of the Fair Housing Act," "Violation of the Alabama Fair Housing Law," and "Violation of the Rehabilitation Act," respectively) because he does not have a private right of action under U.S. Department of Housing and Urban Development (HUD) regulations and other government regulations cited in portions of those Counts. (Doc. 4 ¶ 2.)[2] However, it is not necessary for this Court to decide at this time whether Plaintiff can pursue private enforcement of specific regulations under the statutes enumerated in his Complaint. The "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health*

---

[2]The Court notes that no regulations are mentioned in Count Two of Plaintiff's Complaint. In its memorandum in support of its motion to dismiss, the Housing Authority does not discuss the second count; instead, it argues that "Counts I, III, and IV" are due to be dismissed. (Doc. 6 at 8.) While Plaintiff's third Count was not mentioned in the defendant's motion to dismiss, the Court's conclusions regarding the allegations in the remaining Counts are equally applicable to the third Count.

*Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).  When this standard is applied to the Complaint, the Housing Authority has failed to establish that Plaintiff cannot prove any set of facts in support of his claims that would entitle him to relief under the statutes named in Counts One, Two, and Four.

IV.  Conclusion.

For the reasons set forth above, the Housing Authority's motion to dismiss is due to be and hereby is DENIED.

Done this <u>18th</u> day of <u>July 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297
